# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| AMIEL CUETO, | ) | |
| --- | --- | --- |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | Case No. **3:96-cr-30070-DRH-1** |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

## ORDER

**FRAZIER, Magistrate Judge:**

Before the Court is the petitioner's (Doc. 24) motion for leave to conduct discovery.[1] The respondent, the United States of America ("government"), has filed a response (Doc. 33), and the petitioner has filed a reply (Doc. 34). For the following reasons, the is the petitioner's (Doc. 24) motion for leave to conduct discovery is **granted, in part, and denied, in part.**

### I. Writ of Error Coram Nobis; Generally

A writ of error coram nobis is available under the All Writs Act, 28 U.S.C. § 1651, which provides that "the Supreme Court and all courts established by Act of Congress may issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law." 28 U.S.C. § 1651. A writ of error coram nobis is considered to be an "extraordinary remedy, allowed only where collateral relief is necessary to address an ongoing civil disability resulting from a conviction." *Chaidez v. U.S.*, 655 F.3d 684, 687 (7th Cir. 2011) (citing *Godoski v. United States*, 304 F.3d 761, 762 (7th Cir. 2002)). As such, the writ "should

---

[1] The Court notes that the docket sheet in case number 3:11-cv-00693-DRH-PMF was recently transferred to case number 3:96-cr-30070-DRH. Because the documents that the Court references in this order were all filed before the docket sheet transfer occurred, all references to the docket sheet in this order should be viewed as reference to the docket sheet in case 11-cv-693 and not a reference to the docket sheet of case 96-cr-30070.

only be allowed under compelling circumstances." *Howard v. U.S.*, 962 F.2d 651, 653 (7th Cir. 1992) (citing *United States v. Morgan*, 346 U.S. 502, 511 (1954); *United States v. Keane*, 852 F.2d 199, 202 (7th Cir. 1988), *cert. denied*, 490 U.S. 1084 (1989)).

A writ of error coram nobis case should be viewed by the Court as very similar to a writ of habeas corpus case brought pursuant to 28 U.S.C. § 2255. "A writ of error coram nobis affords the same general relief as a writ of habeas corpus." *Howard*, 962 F.2d at 653 (citing *United States v. Bonansinga*, 855 F.2d 476, 478 (7th Cir. 1988)). The main difference between a writ of error coram nobis and a writ of habeas corpus is that the former lacks the custody requirement. *See id*. Instead of the custody requirement of a writ of habeas corpus, the petitioner in a writ of error coram nobis must be able to demonstrate that he or she suffers from a substantial legal disability. *See id*. (citing *United States v. Bush*, 888 F.2d 1145, 1148, 1150-51 (7th Cir. 1989). The petitioner in this case claims that he has a substantial legal disability as result of his conviction in that 1) he is unable to practice law because he was involuntarily disbarred, and 2) loss of certain First and Second Amendment rights. *See* Doc. 1 at 42-45.

## II. Writ of Error Coram Nobis; Discovery

In his motion for leave to conduct discovery (Doc. 24) and reply to the government's response (Doc. 34), the petitioner has indicated that he believes the case at bar is a "civil action under Rule 81 of the Rules of Civil Procedure", and therefore, he "has the right to conduct the limited discovery he has requested [without the Court's permission]." Doc. 34. However, "in order to be on the safe side," (Docs. 24, 34) the petitioner has filed a motion for leave to conduct limited discovery. Rule 81 of the Federal Rules of Civil Procedure provides:

> Rule 81. Applicability of the Rules in General; Removed Actions
> (a) Applicability to Particular Proceedings.
> …

> (4) Special Writs. [The Federal Rules of Civil Procedure] apply to proceedings for habeas corpus and for quo warranto to the extent that the practice in those proceedings:
> (A) is not specified in a federal statute, the Rules Governing Section 2254 Cases, or the Rules Governing Section 2255 Cases; and
> (B) has previously conformed to the practice in civil actions.
>
> …

FED. R. CIV. P. 81. There are no statutes or federal rules specifically applicable to a writ of error coram nobis. Therefore, the petitioner is likely relying on Rule 81, Section (a)(4)(B) for his position that he "has a right" to discovery. The Seventh Circuit has routinely equated an application of writ of error coram nobis to a writ of habeas corpus. *See* PART I, *supra*. In fact, on at least one specific occasion, the Seventh Circuit found the application of the discovery rule applicable to writ of habeas corpus to a writ of error coram nobis entirely appropriate. *See, e.g., U.S. v. Balistrieri*, 606 F.2d 216, 221 (7th Cir. 1979), *cert. denied*, 446 U.S. 917 (1980) (reasoning that the nature a writ of error coram nobis and writ of habeas corpus case are remarkably similar and finding permissible the application of Rule 6 (Discovery) of the RULES GOVERNING SECTION 2255 PROCEEDINGS to a writ of error coram nobis case). Accordingly, Rule 6 of the RULES GOVERNING SECTION 2255 PROCEEDINGS may be directly applied to the case at bar. *See id*. That rule provides that discovery may be conducted for "good cause." *See* R. 6(a), RULES GOVERNING SECTION 2255 PROCEEDINGS.

The Seventh Circuit decision is *Balistrieri* also provides guidance to the Court in resolving the proper limited scope of discovery. In *Balistrieri*, the Seventh Circuit affirmed a District Court ruling that quashed a petitioner's extensive requests for admissions (Rule 36), interrogatories (Rule 35), and production of documents (Rule 34) under the Federal Rules of Civil Procedure after the District Judge allowed *in camera* monitoring of F.B.I surveillance logs

3

of the petitioner's conversations with persons at a restaurant that he frequented. *See Balistrieri*, 606 F.2d at 221-22. The *in camera* proceedings in *Balistrieri* revealed instances not previously disclosed to the petitioner regarding when his conversations with persons at the restaurant had been overheard. *See id*. at 222. The petitioner then proceeded to make the additional discovery requests that were ultimately quashed. *See id*. The Seventh Circuit reasoned that the District Judge in *Balistrieri* "quite properly decided to end the discovery process" because none of the instances of surveillance could possibly have affected *Balistrieri's* convictions for income tax evasion. *See id*. The *Balistrieri* court also provided several specific factors to consider with regard to discovery in a writ of error coram nobis case:

> For reasons of policy, as well as the consistency of legal concepts, it is necessary to grant applicants the scope of discovery under civil rules and, at the same time, assure the government and others of due protection from burdens arising from participation in old criminal proceedings. *The district court should consider the amount of time which has elapsed since the trial, the burden of discovery on the government and witnesses, and the nature of the applicant's claims* in deciding on the scope of discovery at each stage of the coram nobis proceedings. If relevant evidence is revealed by discovery which only lightly burdens the government, the court retains the option of allowing more extensive requests in order to see if there is more evidence to be found. However, if examination of only the most relevant materials fails to turn over any relevant new stones, the coram nobis proceedings may be brought to a speedy conclusion.

*Id*. at 221-22 (emphasis added).

### III.     Petitioner's (Doc. 24) Motion for Leave to Conduct Discovery

The petitioner indicates that he wishes to make the following three Rule 34 requests:

1) that the Government produce the grand jury transcript of the testimony of Congressman Jerry F. Costello, given on April 15, 1996, at the federal courthouse in East St. Louis, Illinois.

2) that the Government produce the five 302 reports of Sandra Nations Venezia that have never been produced to Arniel Cueto. The existence of these reports was suppressed by the Government before, during and after trial, and in fact

4

>   was not acknowledged until 2004. Even then, the Government has so far refused to produce the 302's.
>
> 3) that the Government produce all 302's of each and every Government witness and/or potential witness which have never been produced; including but not limited to: Tom Venezia, Anthony Joynt, Linda Joynt, and Bonds Robinson, Jr.

Doc. 24 at 1-2. Additionally, the petitioner indicates that he wishes to take the deposition of three non-parties: reporter George Pawlaczyk, Congressman Jerry Costello, and attorney James Grogan. *Id.* at 1. The government objects to all of the production and deposition requests. *See* Doc. 33.

The Court conducted a telephone hearing on the petitioner's discovery requests on February 10, 2012. *See* Docs. 35-37. The parties were given an opportunity to further clarify their arguments concerning the proper scope of limited discovery in this case. In making its ruling on the (Doc. 24) motion for leave to conduct discovery, the Court is mindful of several important considerations in addition to the *Balistrieri* factors outlined above in PART II, *supra*, such as the interests of judicial economy and the finality of judgments. The Court has carefully reviewed the analysis provided by this District on the petitioner's similar discovery requests in prior petitions for a writ of habeas corpus. *See, e.g., United States v. Cueto*, Case No. 99-cv-831-SNL (S.D.Ill., August 18, 2000) (Doc. 34) (memorandum and order denying petition for writ of habeas corpus pursuant to 28 U.S.C. § 2255) (certificate of appealability denied by Circuit Court on May 8, 2001 (Doc. 42)); *see also, e.g., Cueto v. Stepp*, Case No. 02-cv-777-JDT at 8-11 (S.D.Ill., December 15, 2005) (Doc. 114) (memorandum and order denying subsequent 28 U.S.C. § 2255 on jurisdictional grounds), *appeal aff'd*, Case No. 06-1099 (7th Cir. 2006).

Judge Limbaugh concluded that the petitioner's claims connected to his discovery requests were "highly speculative" and good cause did not exist to grant the requests. *United*

5

*States v. Cueto*, Case No. 99-cv-831-SNL at 29. Judge Limbaugh further characterized the requests as "nothing more than a fishing expedition to challenge the sufficiency of the evidence as to defendant's conviction" and concluded that the sufficiency of the evidence had already been decided on direct appeal. *Id*.

In the petitioner's subsequent 2255 petition (initially filed as a 28 U.S.C. § 2241 petition in 2002), Judge Murphy determined that official court records related to the petitioner's grand jury proceedings were missing and entered an order recusing this Court after allowing limited discovery on the issues related to the petitioner's present discovery requests. *See Cueto v. Stepp*, Case No. 02-cv-777-JDT (S.D.Ill., December 3, 2003) (Doc. 58.). The Chief Judge of the Court of Appeals for the Seventh Circuit thereafter appointed Judge Tinder from the Southern District of Indiana to preside over the case. *See id*. (Doc. 59). Judge Tinder held an evidentiary hearing on April 30, 2004, where five Southern District of Illinois Clerk's Office staff were called by the Court to testify[2] regarding the missing grand jury records.[3] *See id*. (Doc. 90). According to the petitioner's writ of error coram nobis petition (Doc. 1), it was revealed, for the first time, at the April 30, 2004, hearing that the tape of the hearing before a Magistrate Judge on July 18, 1996, where a grand jury returned the petitioner's indictment, had been erased. Doc. 1 at 29-30. The tapes of the hearings occurring immediately before and after the hearing in question had been found to be intact. *Id*. at 30. It was additionally discovered that the grand jury ballot from the petitioner's indictment had disappeared.[4] *Id*. After the hearing, the government filed certain

---

[2] The petitioner claims that the Court determined which witnesses would testify at the hearing and the petitioner was not allowed to call any witnesses.

[3] The Government has agreed to provide a copy of the transcript of this hearing.

[4] The petitioner makes various other claims raising questions about the July 18, 1996 indictment. *See* Doc. 1 at 30-31.

6

grand jury material for *in camera* review by Judge Tinder. *See Cueto v. Stepp*, Case No. 02-cv-777-JDT (August 30, 2004) (Doc. 100).

Judge Tinder filed a thirty-eight (38) page order on December 15, 2005, discussing the petitioner's writ of habeas corpus, in which he carefully examined many of the discovery requests now at issue here. *Cueto v. Stepp*, Case No. 02-cv-777-JDT at 7-15 (Doc. 114). Judge Tinder's ultimate conclusion was that the Court lacked jurisdiction to consider the writ of habeas corpus because it was construed as a second writ of habeas corpus pursuant to 28 U.S.C. § 2255. *See id*. 37-38. While the Court is mindful of the detailed and thoughtful analysis provided by Judge Tinder concerning the discovery issues now under consideration here, the petitioner has quite appropriately pointed out that the only issue subject to appeal in the entire written decision filed on December 15, 2005, was the conclusion on the jurisdictional issue.

In the instant matter, the petitioner has raised several arguments based on information gathering performed after his direct appeal to the Seventh Circuit and his original Section 2255 habeas corpus petition. The petitioner has now raised claims in his writ of error coram nobis that, if proven true, would likely entitle him to the requested relief. The Court is not presently prepared to completely disallow discovery of potentially relevant information.

With the above in mind, the Court **grants, in part, and denies, in part**, the (Doc. 24) motion for leave to conduct discovery as follows:

1) The government shall produce, within 30 days, to the Court, for *in camera* review, the transcript of Congressman Jerry F. Costello's grand jury testimony given April 15, 1996 at the federal courthouse in East St. Louis, Illinois.

2) The government shall produce, within 30 days, to the Court, for *in camera* review, five (5) F.B.I. 302 reports of Sandra Nations Venezia that have never been produced to Amiel Cueto.

3) Petitioner Cueto has agreed to waive, for the time being, his production request of the other F.B.I. 302 reports requested in his (Doc. 24) motion for leave to conduct discovery.

7

4) Petitioner Cueto is granted leave to conduct a deposition of reporter George Pawlaczyk for limited purposes described in his (Doc. 24) motion for leave to conduct discovery.

5) The Court denies, without prejudice, petitioner Cueto's request to conduct a deposition of Congressman Jerry F. Costello.

6) The Court denies, without prejudice, petitioner Cueto's request to conduct a deposition of attorney James Grogan.

7) Along with production of documents ordered by the Court, the government has agreed to provide a copy of the transcript of the testimony of Robert Haida and Sandra Nations Venezia from petitioner Cueto's jury trial.

8) Petitioner Cueto has agreed to provide a copy of the previous deposition of attorney James Grogan conducted by Cueto in connection with an ARDC matter.

**SO ORDERED.**

**DATED: February 16, 2012.**

*/s/ Philip M. Frazier*
**PHILIP M. FRAZIER**
**UNITED STATES MAGISTRATE JUDGE**