# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| AMIEL CUETO, | ) |  |
|---|---|---|
|  | ) |  |
| Petitioner, | ) |  |
|  | ) |  |
| vs. | ) | Case No. **3:96-cr-30070-DRH-1** |
|  | ) |  |
| UNITED STATES OF AMERICA, | ) |  |
|  | ) |  |
| Respondent. | ) |  |

## ORDER

**FRAZIER, Magistrate Judge:**

Before the Court is non-party movant George Pawlacyzk's (Doc. 40) motion to quash subpoena for deposition and for a protective order.[1] The petitioner, Amiel Cueto, has filed a response in opposition (Doc. 688) to the motion, and the movant has filed a reply (Doc. 693). For the following reasons, the movant's (Doc. 40) motion to quash subpoena for deposition and for a protective order is **denied.**

The nature of relief available in a writ of error coram nobis case is similar to the available relief of a writ of habeas corpus. *See Howard v. U.S.*, 962 F.2d 651, 653 (7th Cir. 1992) (citing *United States v. Bonansinga*, 855 F.2d 476, 478 (7th Cir. 1988) ("A writ of error coram nobis affords the same general relief as a writ of habeas corpus.")). As such, it is within the Court's discretion to apply the rules applicable to a writ of habeas corpus petition to a writ of error coram nobis petition. *See, e.g., U.S. v. Balistrieri*, 606 F.2d 216, 221 (7th Cir. 1979), *cert. denied*, 446 U.S. 917 (1980). This Court found good cause pursuant to Rule 6 (Discovery) of the RULES

---

[1] The Court notes that the docket sheet in case number 3:11-cv-00693-DRH-PMF was recently transferred to case number 3:96-cr-30070-DRH-1. Because the documents that the Court references in this order were all filed before the docket sheet transfer occurred, all references to the (Doc. 40) motion to quash in this order should be viewed as reference to the docket sheet in case 11-cv-693 and not a reference to the docket sheet of case 96-cr-30070.

GOVERNING SECTION 2255 PROCEEDINGS to conduct limited discovery in this case and granted the petitioner's motion for leave to conduct discovery on February 10, 2012. *See* Doc. 685; *see also Cueto v. U.S.*, Case No. 11-cv-693-DRH-PMF (S.D.Ill., February 10, 2012) (docket number 37). As part of the limited discovery permitted, the petitioner was granted leave to conduct a deposition of reporter George Pawlacyzk. *See id*. Pawlacyzk moved on February 16, 2012 to quash a subpoena of Pawlacyzk commanding him to attend a deposition on February 24, 2012. Doc. 40.

The Federal Rules of Civil Procedure apply to special writ proceedings to the extent that the practice in those proceedings is not specified in a federal statute or the Rules Governing Section 2255 Cases. *See* FED. R. CIV. P. 81(a)(4). A subpoena commanding an appearance at a deposition may be quashed for several reasons under the Federal Rules of Civil Procedure. Rule 45(c)(3) provides, in pertinent part:

> (3) Quashing or Modifying a Subpoena.
> (A) When Required. On timely motion, the issuing court must quash or modify a subpoena that:
> (i) fails to allow a reasonable time to comply;
> (ii) requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person--except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held;
> (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
> (iv) subjects a person to undue burden.
> (B) When Permitted. To protect a person subject to or affected by a subpoena, the issuing court may, on motion, quash or modify the subpoena if it requires:
> (i) disclosing a trade secret or other confidential research, development, or commercial information;
> (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party; or

> (iii) a person who is neither a party nor a party's officer to incur substantial expense to travel more than 100 miles to attend trial.
> (C) Specifying Conditions as an Alternative. In the circumstances described in Rule 45(c)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
> > (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
> > (ii) ensures that the subpoenaed person will be reasonably compensated.

FED. R. CIV. P. 45(c)(3). The instant (Doc. 40) motion to quash does not allege any of the grounds specified by Rule 45. Pawlacyzk initially objected to the subpoena on a technical ground that the subpoena was not personally served. *See* Doc. 40 at 2. However, Pawlacyzk has since waived the technical objection. Doc. 693 at 3.

Pawlacyzk's only remaining objection is that the discovery sought is not reasonable under the circumstances. *See id*. Accordingly, Pawlacyzk requests that the Court enter a protective order prohibiting the requested discovery pursuant to Rule 26(b)(2)(C)(i) and Rule 26(c) of the Federal Rules of Civil Procedure. *See* Doc. 40 at 1. Pawlacyzk is a reporter for the Belleville News-Democrat. *See* Doc. 40 at 1 ¶ 1. Pawlacyzk makes clear that he is not asserting any privilege based on his status as a journalist. Indeed, this Circuit does not recognize such a privilege. *See, e.g., McKevitt v. Pallasch*, 339 F.3d 530 (7th Cir. 2003).

Pawlacyzk and the petitioner disagree as to whether deposition of Pawlacyzk would lead to the discovery of relevant information. Rule 26 of Federal Rules of Civil Procedure governs the permissible scope of discovery. Rule 26 allows parties to obtain "discovery regarding any nonprivileged matter that is relevant to any party's claim or defense--including … the identity and location of persons who know of any discoverable matter." *See* FED. R. CIV. P. 26(b)(1). Additionally, that Rule 26 provides that:

> For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action. Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence. All discovery is subject to the limitations imposed by Rule 26(b)(2)(C).

*Id*. Rule 26(b)(2)(C) provides as follows:

> (2) Limitations on Frequency and Extent.
> (C) When Required. On motion or on its own, the court must limit the frequency or extent of discovery otherwise allowed by these rules or by local rule if it determines that:
> (i) the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive;
> (ii) the party seeking discovery has had ample opportunity to obtain the information by discovery in the action; or
> (iii) the burden or expense of the proposed discovery outweighs its likely benefit, considering the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the action, and the importance of the discovery in resolving the issues.

FED. R. CIV. P. 26(b)(2)(C).

The petitioner argues that the information would that help prove point 4 of his application for a writ of error coram nobis. *See* Doc. 688 at 1-2 ¶ 3-6. Point 4 the application contains a serious allegation that the indictment charging the petitioner was forged in violation of the Fifth Amendment of U.S. Constitution. *See Cueto v. U.S.*, Case No. 11-cv-693-DRH-PMF (S.D.Ill., 2011) (docket number 1, page 27). The petitioner states Pawlacyzk interviewed the foreperson of the grand jury which indicted him, Arlene Agne, in 2003. *See id*. at 32. The petitioner alleges that Agne told Pawlacyzk that the grand jury that indicted the petitioner also indicted Congressman Jerry Costello in the same indictment. *Id*. The indictment which actually charged the petitioner did not indict the congressman. The petitioner alleges that Pawlacyzk did not print the story but did relay this information to other people. He seeks only to briefly depose

4

Pawlacyzk in order to ask Pawlacyzk what he told other "non-media" people about information related to the allegedly forged indictment. *See* Doc. 688 at 2 ¶ 8. The petitioner believes that the requested discovery will lead to relevant evidence. For these reasons, the petitioner asserts that the requested discovery in reasonable under the circumstances.

Pawlacyzk has cited Rule 26(b)(2)(C)(i) as the basis for his objection to the requested discovery. *See* Doc. 40. He argues that the requested discovery is not reasonable under the circumstances and can be more easily obtained from another, more direct source. Pawlacyzk urges the Court to consider, as a circumstance, the fact that he would have, at best, second-hand, hearsay information when first-hand information may be available from Ms. Agne. *See* Doc. 693 at 2.

The Court has considered the arguments on both sides and finds that the discovery sought by the petitioner is reasonable under the circumstances. The petitioner has alleged that the grand jury indictment that was used to charge him was forged. These are serious allegations that, if proven to be true, could be grounds for granting the requested relief of the writ of error coram nobis. The Court has found good cause to conduct limited discovery in this case. *See* Doc. 685. As of this date, very little discovery has been permitted. *See id*. There is additional evidence in the record to support the conclusion that the requested discovery would not be a fishing expedition. *See* Doc. 685 at 6. The petitioner has submitted the affidavit of Belleville, Illinois attorney John O'Gara in which he states he personally viewed a document in the possession of an Assistant United States Attorney which named both the petitioner and Congressman Costello as defendants. *See Cueto v. U.S.*, Case No. 11-cv-693-DRH-PMF (S.D.Ill., 2011) (docket number 1-1, page 2-3). The petitioner has not been granted leave to depose anyone other than Pawlacyzk so there is no more convenient source for the information at this time. The limited information

that the petitioner seeks from Pawlacyzk is not privileged, is not unreasonably cumulative or duplicative, would not pose an undue burden upon Pawlacyzk, is relevant to the claim in which he is trying to prove, and could lead to the discovery of admissible evidence. Rule 26 of the Federal Rules of Civil Procedure provides that this information "need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." FED. R. CIV. P. 26(b)(1)

For the forgoing reasons, the movant's (Doc. 40) motion to quash subpoena for deposition and for a protective order is **denied**.

**SO ORDERED.**

**DATED: February 23, 2012.**

*/s/ Philip M. Frazier*
**PHILIP M. FRAZIER**
**UNITED STATES MAGISTRATE JUDGE**