IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

UNITED STATES OF AMERICA,

    Respondent-plaintiff,

v.

AMIEL CUETO,

    Applicant-defendant.                    Case No. 96-cr-30070-DRH

**ORDER**

**HERNDON, Chief Judge:**

Before the Court are two pending motions: 1) Amiel Cueto's motion for the Court to release Jerry Costello's grand jury transcript (from April 15, 1996) (Doc. 700) and 2) the government's motion for review and appeal pursuant to Local Rule 73(a) (Doc. 702). For the reasons that follow, Cueto's motion for the Court to release Jerry Costell's grand jury transcript (Doc. 700) and the government's appeal (Doc. 702) are denied.

**I. Background**

On April 20, 2012, Cueto filed a renewed motion for production of Congressman Jerry F. Costello's grand jury testimony given on April 15, 1996, at the federal courthouse in East St. Louis, Illinois and for production of five Federal Bureau of Investigation (FBI) 302 reports regarding Sandra Nations Venezia (Doc. 697). On April 24, 2012, prior to the government filing a response to Cueto's motion, Magistrate Judge Frazier entered an order denying the production of the five 302

reports but ordered the government to produce a copy of the transcript of Congressman Costello's grand jury testimony within ten days of the order. Ten days from the order was May 4, 2012.

On May 7, 2012, Cueto filed a motion for the Court to release Congressman Costello's grand jury transcript (Doc. 700). Cueto noted that the government had not complied with Magistrate Judge Frazier's order and that he should not have to ask the Court for another continuance prior to the hearing scheduled for May 18, 2012. Accordingly, he requested that the Court produce the transcript "[r]ather than Cueto having to wrangle and beg the [g]overnment to turn over Court-ordered production . . . ." That same day, Magistrate Judge Frazier entered an order to show cause (Doc. 701), ordering the government to show cause why sanctions should not be imposed for disregarding the Court's April 24, 2012, order.

The next day, the government filed a motion for review and appeal pursuant to Local Rule 73(a) along with a response to the show cause order (703). In its appeal, the government contends that "disclosure of the entire transcript is not consistent with controlling legal principles and that only limited disclosure, or disclosure pursuant to a protective order, is appropriate here." The government does "not contest the Magistrate Judge's determination that the government should disclose the portion of Congressman Costello's grand jury testimony that concerns Haida. However, consistent with the holdings of *Douglas Oil* and its progeny, including *Matter of Eye Care Physicians of America*, limiting the disclosure of grand jury material only to 'material so needed,' we respectfully submit that the order to

disclosure the entire transcript of the grand jury testimony is overbroad." Thus, the government requests an "order directing the government to produce to Cueto only that portion of the grand jury transcript that relates to Haida, including those portions relating to conversations between Haida and Congressman Costello about Haida becoming a judge and any conditions related to Haida's selection." "Alternatively, should the Court determine to direct the government to disclose portions of the grand jury transcript, or all of it, to Cueto, that are not germane to Haida, [the government] respectfully request that a protective order be entered, directing the parties to place the portion of any pleading referring to previously undisclosed and non-Haida related grand jury testimony under seal pending briefing as to whether the portion should remain sealed." The government argues that it should not be sanctioned for failing to produce Congressman Costello's grand jury transcript because it timely filed an appeal of Magistrate Judge Frazier's order. On May 9, 2012, Cueto filed an objection to the government's appeal (Doc. 704). In it, Cueto notes that "he has no objection to the entry of a [p]rotective [o]rder, and agrees not to disclose any part of the Costello transcript unless permitted by the Court." He contends that since he has agreed to a protective order, the government's appeal should be denied.

## II. Analysis

The Court may modify or reverse a decision of a magistrate judge on a nondispositive issue upon a showing that the magistrate judge's decision is "clearly erroneous or contrary to law." FED. R. CIV. P. 71.1(a); SDIL-LR 73.1(a).

A finding is clearly erroneous when "the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *Anderson v. City of Bessemer City*, 470 U.S. 564, 573 (1985) (quoting *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948)); see also *Weeks v. Samsung Heavy Indus. Co.*, 126 F.3d 926, 943 (7th Cir. 1997) ("The clear error standard means that the district court can overturn the magistrate judge's ruling only if the district court is left with the definite and firm conviction that a mistake has been made."). "When there are two permissible views of the evidence, the factfinder's choice between them cannot be clearly erroneous." *Anderson*, 470 U.S. at 574 (citing *United States v. Yellow Cab Co.*, 338 U.S. 338, 342 (1949)).

Here, Magistrate Judge Frazier's decision was not clearly erroneous or contract to law. Nevertheless, the Court will impose the protective order that Cueto not reveal the contents of the grand jury testimony to anyone else without prior approval of the Court. As it happens, Cueto does not object to such a protective order. As for the government's position that the release should be restricted to that which deals with Robert Haida's testimony, the Court disagrees. Indeed, in light of the government's disclosure that the testimony contains some *Brady* material and should have been turned over for Cueto's criminal trial but was not, Cueto should be allowed to view it all. Moreover, as Magistrate Judge Frazier found, given the passage of time it is highly unlikely that there is any danger or concern in this late disclosure now, but in any event, the protective

order should cure any harm in that regard. Accordingly, the government is ordered to produce Congressman Costello's April 15, 1996, grand jury testimony to Cueto immediately. Failure to do so will result in sanctions.

Thus, Cueto's motion for the Court to release Costello's grand jury transcript (Doc. 700) and the government's appeal of Magistrate Judge Frazier's April 24, 2012, order (Doc. 702) are both denied, but a protective order is hereby entered prohibiting Cueto from revealing the contents of the grand jury testimony to anyone else without prior approval of the Court.

**IT IS SO ORDERED.**

Signed this 10th day of May, 2012.

Digitally signed by David R. Herndon
Date: 2012.05.10 14:43:57 -05'00'

**Chief Judge**
**United States District Court**